1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAMA JAY GALLON,

11              Petitioner,                   No. CIV S-05-1368 DFL DAD P

12        vs.

13   GEORGE GALAZA, Warden, et al.,

14              Respondents.                  FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus.  On December 1, 2005, respondents moved to dismiss the petition on the grounds that it

18   has been filed beyond the one-year statute of limitations and that petitioner failed to exhaust state

19   court remedies on the claim presented to the federal court.

20              In the court's February 9, 2006 order granting petitioner's untimely request for an

21   extension of time to oppose respondents' motion, petitioner was advised that his opposition

22   "must include proof of service on respondents' attorney of record."  Petitioner filed his

23   opposition on March 9, 2006, with a proof of service that does not reflect service on respondents'

24   attorney.  Petitioner is cautioned that the court may strike any subsequent document filed without

25   a proof of service showing the date on which petitioner served a copy of the document on

26   respondents' counsel.

                                                  1

1                                    BACKGROUND

2          This case was opened on July 7, 2005, when the Clerk received a habeas petition

3    dated May 26, 2005.  The petition is presented on a state habeas form and is captioned for filing

4    in the Sacramento County Superior Court.  On July 14, 2005, the undersigned granted petitioner

5    fifteen days to request return of the petition, if he mailed it to the federal district court in error, or

6    to request a federal habeas form with an application to proceed in forma pauperis.  Petitioner did

7    not file any response to the order.  On August 26, 2005, the undersigned recommended that this

8    action be dismissed without prejudice.  When petitioner filed a belated request for an extension

9    of time to file his petition on a federal habeas petition form, the undersigned vacated the findings

10   and recommendations and granted petitioner thirty days to file his petition on a proper form with

11   an application to proceed in forma pauperis.

12         On October 24, 2005, petitioner submitted a federal habeas petition and an

13   incomplete application to proceed in forma pauperis.  Petitioner was granted a final extension of

14   time to file a properly completed application to proceed in forma pauperis.  After petitioner filed

15   a properly completed in forma pauperis application, the undersigned issued an order on

16   November 4, 2005, directing respondents to file a response to the habeas petition filed on

17   October 13, 2005.

18                   THE PETITION FILED ON OCTOBER 13, 2005

19         Petitioner is challenging a Sacramento County Superior Court judgment entered in

20   2001 for which he received a sentence of forty years to life in prison after a jury convicted him of

21   second degree murder with use of a deadly weapon.  Petitioner alleges that he appealed from the

22   judgment, that the judgment was affirmed by the California Court of Appeal for the Third

23   Appellate District on August 18, 2003, and that the California Supreme Court denied review on

24   October 29, 2003.  Petitioner alleges that he raised two issues on direct appeal:  (1) the trial court

25   gave an incorrect and misleading jury instruction; and (2) petitioner's sentence violates the

26   prohibition against cruel and unusual punishment.  Petitioner alleges that he did not attack his

                                              2

1 conviction by filing any petitions, applications or motions other than his direct appeal.  In federal

2 court, petitioner seeks relief on the sole ground that he was denied effective assistance of

3 counsel.

4                                             THE MOTION TO DISMISS

5 I. Respondents' Arguments and Evidence

6              Respondents offer evidence of the following:  judgment was imposed on

7 petitioner on September 7, 2001, after a jury convicted him of murder and found that he had

8 intentionally and personally discharged a firearm causing death; petitioner received an

9 indeterminate state prison term of forty years to life; on August 18, 2003, the California Court of

10 Appeal for the Third Appellate District affirmed the judgment; on October 29, 2003, the

11 California Supreme Court denied review; petitioner did not file a petition for writ of certiorari in

12 the United States Supreme Court; petitioner did not file any state post-conviction collateral

13 challenges to his judgment; petitioner's claim of ineffective assistance of counsel has not been

14 presented to any state court.

15              Respondents contend that petitioner's judgment became final for purposes of 28

16 U.S.C. § 2244(d)(1) on January 27, 2004, upon expiration of the ninety-day period in which

17 petitioner could have filed a petition for writ of certiorari, and that the one-year period then ran

18 without interruption until it expired on January 27, 2005.  Respondents assert that petitioner

19 commenced this action on July 7, 2005, more than five months after the statute of limitations

20 expired, and that petitioner has alleged no facts that would entitle him to a later start date for the

21 one-year period of limitation, to statutory tolling pursuant to § 2244(d)(2), or to equitable tolling.

22 Respondents argue that petitioner's federal petition must be dismissed because it raises only an

23 unexhausted claim.  Respondents argue further that the petition should be dismissed with

24 prejudice because the statute of limitations will bar any subsequent federal habeas proceeding

25 petitioner might bring after exhausting state court remedies.

26 /////

1    II.  <u>Petitioner's Opposition</u>

2              Petitioner does not dispute respondents' evidence concerning his conviction and

3    appeal.  Nor does he dispute respondents' conclusion concerning the date on which the one-year

4    statute of limitations began to run for his conviction.  Petitioner does not deny that his claim of

5    ineffective assistance of counsel has not been presented to any state court.

6              Petitioner states that he "was late filing his writ beyond the one year statute of

7    limitations because of numerous lock-downs and state of emergencies at petitioner's previous

8    location, Corcoran State Prison."  (Pet'r's Opp'n at 1.)  Petitioner asserts that the lock-downs

9    "consist of no movement at all," that he could not control the lock-downs, and that he had no

10   access to the law library.  (<u>Id.</u>)  Petitioner also asserts that he did not exhaust his claims because

11   he "was under the impression that [his] appeals lawyer already took care of that and all [he] the

12   petitioner had to do was file to the federal courts."  (<u>Id.</u> at 2.)  Petitioner cites his lack of

13   knowledge of the law and misinformation provided by other inmates.  (<u>Id.</u>)

14             Petitioner asks the court to hold his petition in abeyance, to "delete the grounds

15   first," allow him sixty days to prepare and file a state habeas petition, and allow him thirty days

16   after the state court's final decision within which to return to federal court to present his claim of

17   ineffective assistance of counsel as an exhausted claim.  Petitioner suggests that "this is not only

18   the proper way to resolve the current cross-road but the fairest to both parties."  (<u>Id.</u> at 2.)

19   Petitioner asserts that he "has been in the federal courts for well over 30 days and simply has no

20   more time under the statute of limitations to voluntarily or otherwise have this petition dismissed

21   and the case closed."  (<u>Id.</u>)  Petitioner continues that "the facts of this instant case present

22   exceptional circumstances that would uphold this court granting petitioner's request to hold the

23   petition in abeyance while unexhausted claims is presented to the state court levels."  (<u>Id.</u>)

24             Petitioner offers the following documentation concerning his law library access:

25   (1) a memorandum dated May 18, 2004, concerning the library schedule; (2) a program status

26   report dated September 30, 2003, concerning modified program conditions effective September

                                              4

1   11, 2003; (3) a program status report dated November 9, 2003, concerning a lockdown effective

2   on that date; (4) a program status report dated March 25, 2004, concerning modified program

3   conditions for selected inmates following a staff assault on March 12, 2004, and prison riots on

4   March 16, 2004; (5) a program status report dated April 2, 2004, concerning a lockdown and

5   state of emergency on April 1, 2004; and (6) a program status report dated April 15, 2004,

6   concerning an update on the April 1, 2005 lockdown and state of emergency.

7   III.  Respondents' Reply

8            Respondents argue that petitioner is not entitled to equitable tolling on the basis of

9   prison lockdowns.  Respondents note that it is petitioner's burden to establish that he has pursued

10  his rights diligently and that some extraordinary circumstance stood in the way of his filing a

11  timely federal habeas petition.  Respondents cite cases holding that equitable tolling should be

12  sparingly applied and only where extraordinary circumstances beyond the prisoner's control

13  made it impossible to file a petition on time.  Respondents also cite cases holding that a garden

14  variety claim of excusable neglect will not suffice and that even multiple prison lockdowns will

15  not constitute extraordinary circumstances absent a showing of how the lockdowns interfered

16  with the prisoner's ability to file a petition within the one-year period of limitation.

17           Turning to petitioner's documentation, respondents assert that petitioner's

18  showing falls far short of what is required to invoke equitable tolling.  Respondents characterize

19  two of petitioner's documents, the program status reports for September 11, 2003, and November

20  9, 2003, as irrelevant because they concern lockdowns that preceded the commencement of

21  petitioner's one-year period of limitation.  Respondents point out that the May 18, 2004 status

22  report shows that inmates had access to the law library through the paging system.  With regard

23  to the remaining documents, respondents note that petitioner has failed to provide documents

24  showing the length of each lockdown and has failed to provide specific details on how the

25  lockdowns prevented him from filing his habeas petition sooner.  In short, respondents argue,

26  petitioner has not excused his six-month tardiness in filing a federal habeas petition.

1    Respondents argue that the court must reject petitioner's request for a stay of his

2  fully unexhausted petition because a petition containing only unexhausted claims must be

3  dismissed.  Respondents reiterate their argument that the untimely and unexhausted petition

4  should be dismissed with prejudice because petitioner has not demonstrated entitlement to

5  equitable tolling and therefore any subsequent petition would be barred by the statute of

6  limitations.

7                                   ANALYSIS

8  I.  Exhaustion

9    State courts must have the first opportunity to decide a state prisoner's habeas

10  corpus claims.  Rhines v. Weber, 544 U.S. 269, ___, 125 S. Ct. 1528, 1533 (2005) (citing Rose

11  v. Lundy, 455 U.S. 509, 518-19 (1982)).  In general, a state prisoner's application for a writ of

12  habeas corpus will not be granted unless "the applicant has exhausted the remedies available in

13  the courts of the State."  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the

14  exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28

15  U.S.C. § 2254(b)(3).  A petitioner satisfies the exhaustion requirement by fairly presenting to the

16  highest state court all federal claims before presenting the claims to the federal court.  Duncan v.

17  Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971);

18  Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

19    In the present case, petitioner concedes that he has not exhausted state court

20  remedies on the claim alleged in his federal habeas petition.  In the absence of any exhausted

21  claim, the court cannot delete petitioner's unexhausted claim, as requested by petitioner, and stay

22  this action.  Petitioner's wholly unexhausted petition must be dismissed, and this case must be

23  closed.  See Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (holding that once the respondent

24  moved for dismissal, the district court was obliged to dismiss the petition immediately, as the

25  petition contained no exhausted claims); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.

26  1997).

6

1    Respondents contend that the petition should be dismissed with prejudice because

2 it has been filed in violation of the statute of limitations and therefore any claims presented to the

3 federal court at a later time would be time-barred.  Dismissal with prejudice is appropriate if any

4 later petition that might be filed would be time-barred by the statute of limitations.  Jimenez, 276

5 F.3d at 481-82.  Accordingly, the court turns to a consideration of the timeliness of this action.

6 II.  Statute of Limitations

7    Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

8 ("AEDPA"), a 1-year period of limitation applies to a petition for writ of habeas corpus filed by a

9 person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  In most

10 cases, the limitation period begins to run on the date on which the petitioner's judgment of

11 conviction becomes final by the conclusion of direct review or the expiration of the time for

12 seeking such review.  28 U.S.C. § 2244(d)(1)(A).

13    In the present case, the Sacramento County Superior Court sentenced petitioner on

14 September 7, 2001, petitioner's judgment of conviction was affirmed by the California Court of

15 Appeal on August 18, 2003, the California Supreme Court denied review on October 29, 2003,

16 petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and

17 petitioner did not file any habeas petitions in state court during the year after his judgment

18 became final.  Petitioner's judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on

19 January 27, 2004, ninety days after the California Supreme Court denied review on October 29,

20 2003.  See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The statute of limitations began to run

21 on January 28, 2004, and ran without interruption until it expired 365 days later on January 26,

22 2005.[1]  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (holding that the statute of

23 limitations is not tolled during the interval between the date on which a judgment becomes final

24 and the date on which the petitioner files his first state collateral challenge).

25

26    [1]  The year 2004 was a leap year.

1        The initial petition filed in this court on July 7, 2005, is dated May 26, 2005.  The

2   date on which the pleading was placed in the mail to the district court is unknown, as the

3   document does not include a proof of service and petitioner has not submitted a mail log or other

4   evidence to establish the date on which he delivered his petition to prison officials for mailing.

5   On the present record, the court will deem the petition to have been filed three days prior to July

6   7, 2005.  The petition was filed more than five months after the statute of limitations expired.

7        The doctrine of equitable tolling has been applied in cases where a party was

8   prevented from asserting a claim by wrongful conduct on the part of the opposing party or where

9   extraordinary circumstances beyond the party's control made it impossible to file a claim on

10  time.  Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).  The AEDPA statute

11  of limitations is subject to equitable tolling, but "only when 'extraordinary circumstances beyond

12  a prisoner's control make it impossible to file a petition on time' and 'the extraordinary

13  circumstances were the cause of his untimeliness.'"  Laws v. Lamarque, 351 F.3d 919, 922 (9th

14  Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).

15       "[A] litigant seeking equitable tolling bears the burden of establishing two

16  elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

17  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, ___, 125 S. Ct. 1807, 1814

18  & n.8 (2005).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278

19  F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

20       The petitioner in this case has not demonstrated that extraordinary circumstances

21  beyond his control made it impossible for him to file a federal habeas petition on or before

22  January 26, 2005.  His evidence of periodic prison lockdowns in 2003 and 2004 does not

23  establish when each lockdown began and ended.  Moreover, as his evidence reveals, an initial

24  lockdown or state of emergency is usually followed by one or more program status reports

25  gradually lifting program restrictions for prisoners in certain housing areas, prisoners with inmate

26  jobs, prisoners over a certain age, and prisoners in ethnic classifications not involved in the

1   incident that led to the lockdown.  Petitioner's incomplete documentation precludes the court

2   from determining any specific periods of time during which petitioner had no access to the prison

3   law library.  Facts concerning petitioner's housing, his job status, and his ethnicity are not

4   contained in the record.[2]  Moreover, petitioner's own evidence reveals that access to the law

5   library or to a library paging system was usually available to prisoners with court deadlines

6   during lockdowns.  For example, the May 28, 2004 memorandum submitted as the first exhibit to

7   petitioner's opposition indicates that physical access to the library was available for inmates

8   housed in the 3C-Gym and all inmates with verified court deadlines, except that black inmates

9   with court deadlines were limited to requesting books, materials, and copying by institutional

10  mail.

11          Petitioner has not demonstrated that he was subjected to continuous lockdown

12  conditions that provided no access to the law library for the fifteen-month period from October

13  29, 2003, to January 27, 2005.  Petitioner has not offered any evidence that he made diligent

14  efforts to access the law library or use the paging system when those programs were available,

15  that he ever advised prison officials of his deadline for filing a federal habeas petition, or that he

16  filed any inmate appeal concerning lack of access to the law library.  Petitioner has not shown

17  that institutional lockdowns constituted extraordinary circumstances beyond his control that were

18  the cause of his failure to file a timely federal habeas petition.  Under the circumstances, the

19  court must conclude that petitioner has failed to make such a showing because he is unable to.

20          Petitioner has also failed to demonstrate that he has been pursuing his rights

21  diligently.  In the initial petition filed in this action, petitioner concedes that he is presenting an

22  unexhausted claim and offers the following explanation:  "Counsel just didn't take it to the

23  highest state court.  Now I must exhaust (IAC)."  (Pet. dated May 26, 2005, and filed July 7,

24

25          [2]  The California Court of Appeal's unpublished opinion filed August 18, 2003, reveals
    that petitioner was 20 years old on February 19, 2000, when he shot the victim.  (Doc. 2 lodged
26  by respondents on Dec. 1, 2005, at 2 & 5.)

2005, at page numbered 18.)  This explanation does not appear to be consistent with petitioner's more recent assertion that he "was under the impression that [his] appeals lawyer already took care of that and all [he] had to do was file to the federal courts." (Pet'r's Opp'n at 2.)  Petitioner has not explained his failure to file a state habeas petition within a year after his direct appeal was completed.  Had he done so, the statute of limitations would have been tolled while he was pursuing state court remedies.  Despite petitioner's admission on May 26, 2005, that his claim was unexhausted, he did not file a state habeas petition at that time but instead filed a petition in federal court.  Upon finding that petitioner's initial petition was presented on a state habeas petition form, was captioned for filing in the Sacramento County Superior Court, and contained an admission that the federal claim was unexhausted, the undersigned issued an order on July 13, 2005, noting that "petitioner may have intended to mail his petition to the Sacramento County Superior Court for the purpose of exhausting state court remedies on claims that were not presented to the state courts on direct appeal.  If the petition was mailed to this court in error, petitioner may request that the petition be returned to him for mailing to the proper court." (Order filed and served July 14, 2005, at 1.)  Petitioner chose to proceed with a federal habeas petition raising the unexhausted claim.

Petitioner was provided notice that respondent sought the dismissal of this action with prejudice on the grounds that the statute of limitations will bar any subsequent federal habeas proceeding petitioner might bring after exhausting state court remedies as to the sole claim presented in the pending petition.  Petitioner responded to that argument and presented his arguments with respect to tolling.  Those arguments are unpersuasive and the evidence offered in support thereof is insufficient.  The undersigned finds that petitioner has not demonstrated diligence in pursuing his unexhausted claim and that petitioner has not met his burden of establishing entitlement to equitable tolling for any period of time.  Because any subsequent petition brought by petitioner will be barred by the statute of limitations, the undersigned will recommend that this action be dismissed with prejudice.

IT IS HEREBY RECOMMENDED that:

1.  Respondents' December 1, 2005 motion to dismiss be granted; and

2.  This action be dismissed with prejudice because the petition for writ of habeas corpus raises only an unexhausted claim and was filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2006.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
gall1368.mtd

11