IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMA JAY GALLON,

    Petitioner,               No. CIV S-05-1368 DFL DAD P

    vs.

GEORGE GALAZA, Warden, et al.,

    Respondents.            ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On April 17, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Pursuant to an extension of time granted by the magistrate judge on May 4, 2006, petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by

1

proper analysis. Although petitioner argues in his objections that he has now completely exhausted state court remedies, the new evidence submitted by petitioner reflects otherwise. A state habeas petition filed in the Sacramento County Superior Court on December 28, 2005, after respondents filed their motion to dismiss, was denied as untimely on February 14, 2006. A state habeas petition filed in the California Court of Appeal for the First Appellate District was denied on March 23, 2006, without prejudice to seeking relief in the Third District Court of Appeal, where the petition should have been filed. Another state habeas petition filed in the Sacramento County Superior Court on May 30, 2006, appears to be pending. This evidence does not demonstrate exhaustion of the claim raised in this court. Nor has petitioner demonstrated that he is entitled to equitable tolling merely because his access to the law library was occasionally limited to use of a paging system.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The findings and recommendations filed April 17, 2006, are adopted in full;

        2. Respondents' December 1, 2005 motion to dismiss is granted; and

        3. This action is dismissed with prejudice because the petition for writ of habeas corpus raises only an unexhausted claim and was filed beyond the one-year statute of limitations.

DATED: 8/3/2006

DAVID F. LEVI  
United States District Judge